UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LELDON ROY OVECHKA,

    Plaintiff,

v.

PIERCE COUNTY, et al.,

    Defendants.

CASE NO. C15-5474 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants Ilene Anderson, Miguel Balderrama, Wilmer Melendez, Pierce County ("County"), Janet Rhoton, Mary Scott, and Judy Snow's ("Defendants") motion to dismiss (Dkt. 18). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 8, 2015, Plaintiff Leldon Roy Ovechka ("Ovechka") filed a complaint against Defendants asserting two causes of action for civil rights violations and a state law cause of action for negligence. Dkt. 1 ("Comp.").

1  On September 8, 2015, Defendants filed a motion to dismiss. Dkt. 18. On
2  September 29, 2015, Ovechka responded. Dkt. 19. On October 2, 2015, Defendants
3  replied. Dkt. 21.

## II. FACTUAL BACKGROUND

5  Ovechka alleges that he was held in Pierce County Detention Center ("Jail") from
6  January 22, 2012 to March 21, 2013. Comp., ¶ 21. Ovechka suffers from "serious
7  psychiatric illnesses" and his medications include "Prozac, Vistaril, Clonazepam,
8  Zyprexa, Ambien, Remeron, Trazodone, Risperidal, and Zolpidem." *Id*., ¶ 22. He claims
9  that, "[w]ithout these medications, [he] rapidly decompensates and exhibits debilitating
10 symptoms of mental illness." *Id*., ¶ 23.

11 Although Ovechka alleges that Jail staff initially gave him at least some of his
12 prescription medications, he claims that Defendants "refused [him] all of his medications
13 from mid to late July of 2012 to September 3, 2012." *Id*., ¶ 36. Ovechka alleges that he
14 sent numerous kites requesting his medication, but was repeatedly denied medicine or
15 treatment. On September 3, 2015, Ovechka attempted to take his own life by hanging
16 himself in his cell. *Id*., ¶ 45. Ovechka alleges that "[t]he suicide attempt was the
17 culmination of weeks of sleeplessness and a lack of substantive responses to his requests
18 for medication." *Id*. ¶ 46.

## III. DISCUSSION

20 Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil
21 Procedure may be based on either the lack of a cognizable legal theory or the absence of
22 sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.  When deciding a motion to dismiss, the Court's consideration is limited to the pleadings.  Fed. R. Civ. P. 12(d).[1]

**A.    Federal Claims**

Section 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In order to state a claim under section 1983, a plaintiff must demonstrate that (l) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

---

[1] Defendants request that the Court consider numerous documents because the complaint "necessarily relies" upon them.  Dkt. 21 at 2.  First, Defendants erroneously rely on authorities considering motions to dismiss for lack of jurisdiction.  *Id.* (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006)).  Second, Defendants erroneously submit additional materials with their reply brief.  *See* Dkt. 22.  Therefore, the Court declines Defendants' invitation to consider additional materials and will only consider the allegations set forth in the complaint.

In this case, Ovechka asserts a claim against the County for having a policy or practice of denying medical care to inmates and a claim against Defendants Balderrama, Scott, and Snow for denying Ovechka medical care.  Comp., ¶¶ 67–87.  "The Eighth Amendment's proscription against cruel and unusual treatment is violated when officials remain deliberately indifferent to the serious medical needs of convicted prisoners."  *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  "[D]eliberate indifference entails something more than mere negligence, [and] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  "The inmates must demonstrate that they were confined under conditions posing a risk of 'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care."  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).  "Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation."  *Clement*, 298 F.3d at 904.

Under these standards, Defendants have failed to show that Ovechka's complaint is deficient.  With regard to a policy, Ovechka alleges that the county has a long standing practice of wrongly labeling inmates who miss medical appointments in order to attend court proceedings as instances of refusals for medical treatment.  Comp., ¶ 64.  Construing the allegation as true and taking all inferences in the light most favorable to Ovechka, he has sufficiently stated a claim.  Defendants hardly contest this claim beyond

conclusory arguments. Dkt. 18 at 8–9. Thus, Ovechka's complaint sufficiently states a claim.

Similarly, with regard to Ovechka individually, he has alleged sufficient facts. Defendants were aware of his mental illnesses, and Ovechka has provided sufficient allegations to meet both the objective and subjective prongs of an Eighth Amendment violation. Defendants rely on Ovechka's representations when he was admitted to the Jail and fail to recognize any factual allegation thereafter. In light of the alleged months of depriving Ovechka his mental illness medications, the Court finds that the complaint sufficiently states a claim for relief. Therefore, the Court denies Defendants' motion to dismiss Ovechka's federal claims.

**B.    State Law Claims**

"Washington courts have long recognized a jailor's special relationship with inmates, particularly the duty to ensure health, welfare, and safety." *Gregoire v. City of Oak Harbor*, 170 Wn. 2d 628, 635 (2010).

In this case, Defendants move to dismiss Ovechka's negligence claim. While Ovechka asserts a broad negligence claim for breach of the duty of care, he also states that he "seeks compensation for negligent infliction of emotional distress, negligent investigation, negligent placement, and negligent supervision." Comp., ¶ 94. Defendants correctly argue that these are separate negligence claims that all have different elements. As such, Ovechka must provide sufficient allegations for each element of each claim and may not simply assert labels and conclusions. Therefore, the Court grants Defendants'

motion on Ovechka's claims for negligent infliction of emotional distress, negligent investigation, negligent placement, and negligent supervision.

With regard to remedies, in the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court is unable to conclude that any amendment would be futile. Therefore, the Court grants Ovechka leave to amend these state law claims.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part** as stated herein. Ovechka may file an amended complaint no later than November 20, 2015.

Dated this 2nd day of November, 2015.

BENJAMIN H. SETTLE
United States District Judge